UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/07/2024
```

LISA ANN LIEBERMAN,

                              Plaintiff,

     -against-                                          19 CIV 2870 (NSR)(AEK)

KILOLO KIJAKAZI,                                      ORDER AND OPINION
ACTING COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

NELSON S. ROMÁN, United States District Judge:

     Plaintiff Lisa Ann Lieberman ("Plaintiff") commenced this action, pursuant to 42 U.S.C.

§ 405(g), challenging the administrative decision of the Commissioner of Social Security ("the

Commissioner"), which denied Plaintiff's applications for disability insurance benefits ("DIB")

under the Social Security Act (the "Act"). (ECF No. 1) Pursuant to 28 U.S.C. § 636(b) and Federal

Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Lisa M. Smith ("MJ

Smith") to issue a Report and Recommendation ("R & R"). (ECF No. 6.) On October 16, 2020,

the matter was re-assigned to Magistrate Judge Andrew E. Krause ("MJ Krause") after MJ Smith

retired. Now before the Court is MJ Krause's  R & R, recommending that Plaintiff's motion (ECF

No. 19) for judgment on the pleadings be granted to the extent of remanding the matter back to the

agency for further proceedings and denying Defendant's motion (ECF No. 27) for judgment in its

favor. (ECF No. 32.) The Parties had until July 22, 2022, to submit objections to the R & R.

Plaintiff timely filed objections on July 22, 2022. For the following reasons, the Court adopts MJ

Krause's R & R in its entirety and GRANTS Plaintiff's motion and DENIES the Commissioner's

motion.

**BACKGROUND**

Plaintiff applied for DIB on March 4, 20009, with an onset date of December 15, 2006. (Administrative Record ("AR") 182.) Plaintiff's disability was based on a herniated disc, associated numbness to her legs, and stiffness to her neck. (AR 508.) Plaintiff's initial application for DIB was denied and she requested a hearing before an Administrative Law Judge ("ALJ"). (AR 182.) On July 7, 2010, Plaintiff appeared before ALJ Katherine Edgell ("ALJ Edgell") for a hearing on her claim(s). (AR 144-18.) ALJ Edgell issued an opinion which determined that Plaintiff was not disabled within the meaning of the Act. (AR 183-98.) Plaintiff appealed ALJ Edgell's decision to the Social Security Appeal Council ("SSA AC"). (AR 293,530-330.) On May 12, 2011, the SSA AC vacated ALJ Egdell's decision and remanded the matter for further proceedings. (AR 199-203.)

Plaintiff appeared before ALJ Edgell for a hearing. (AR 118-42.) On November 9, 2011, ALJ Edgell issued a decision again denying Plaintiff's application for DIB. (AR 204-219.) Plaintiff again appealed to the SSA AC. (AR 347-53.) On January 26, 2012, the SSA AC vacated ALJ Adgell's opinion and remanded the matter for further proceedings. (AR 220-23.)  In August 2012, Plaintiff appeared before ALJ Brian Lemoine for a hearing. (AR 74-116.) On November 26, 2012, ALJ Lemoine issued an opinion denying Plaintiff's claim for DIB. (AR 224-40.) Plaintiff once again sought review from the SSA AC. (AR 399-405.) On February 20, 2013, the SSA AC vacated ALJ Lemoine's opinion and remanded the matter for further proceedings. (AR 241-44.)

In August 2013, Plaintiff appeared before ALJ Lemione for further proceedings. (AR 40-72.) On February 18, 2014, ALJ Lemoine once again denied Plaintiff's application. (AR 21-39.) Plaintiff once again sought review before the SSA AC. (AR 17-20, 607-08.) On May 2, 2016, the SSA AC issued an opinion adopting ALJ Lemoine's conclusion. On June 24, 2016, the SSA AC

issued an order formally adopting ALJ Lemoine's decision. (AR-9-16.) On August 2, 2016, the SSA AC issued an amended order which still denied Plaintiff DIB. (AR 1-8.)

Plaintiff sought judicial review of the SSA AC's denial of DIB. *Lieberman v Colvin*, No. 16 Civ. 7842 (AJN) (BCM) (S.D.N.Y.). On September 13, 2017, the parties executed a stipulation to vacate the SSA AC order and remand the matter back to the agency for further administrative proceedings. (AR 1135-39.) The matter was assigned to a different ALJ. (AR 1140-43.) On September 26, 2018, Plaintiff appeared before ALJ Dennis Katz ("ALJ Katz"). (AR 1064-99.) In a decision dated November 29, 2018, ALJ Katz denied Plaintiff's claim for DIB. (AR 1037-63.) Plaintiff did not seek administrative review of ALJ Katz's decision. Plaintiff commenced the instant action on March 30, 2019.

## RELEVANT LAW

### I.  Standard of Review

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel*

3

*Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo.* 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## II.   Disability Benefits

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). To be deemed disabled with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the ALJ is required to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment "meets or equals a listed impairment in Appendix 1" of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (*see* paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must

determine whether he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.*

## DISCUSSION

Here, as outlined in MJ Krause's R &R, the ALJ properly undertook the five step analysis. However, upon review of the R&R and the record, MJ Krause determined that the ALJ erred in its analysis of the proffered medical evidence. (R & R 7.) In particular, MJ Krause determined that the ALJ did not give proper weight to Plaintiff's treating physician.

Generally, the opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *Rosa v. Callahan*, 168 F.3d at 78–79 (2d Cir. 1999) *citing Clark v. Commissioner of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998) (internal citations omitted); 20 C.F.R. § 404.1527(d)(2)); *see also Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir.1993). When presented with medical evidence in support of a disability, "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir.1983). However, where the treating physician's opinion is not consistent with other substantial evidence in the record, such as the opinion of other medical experts, the treating physician's opinion is not afforded due deference nor controlling weights. 20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28 (2d Cir. 2004).

As determined by MJ Krause, the ALJ gave "significant evidentiary weight" to the opinion of consultative examiner such as Dr. Leena Philip, who opined that Plaintiff had a "fair prognosis and mild limitations to bending secondary to low back pain." (AR 1048, R & R 10.) The ALJ also gave "some evidentiary weight" to Plaintiff's treating physician, Dr. Claudia Felberg, who prepared a physical function report, dated January 27, 2010, which was consistent with Plaintiff

having sedentary residential functional capacity. (AR1048-49; R&R 10.)

The ALJ also failed to properly apply the treating physician rule as to Dr. Hui Chon Kim ("Dr. Kim"), because he failed to address substantial evidence in the record that may provide support for Dr. Kim's opinion. In a June 1, 2011 RFC questionnaire, Dr. Kim opined that Plaintiff could lift or carry less than 10 pounds occasionally; stand and/or walk less than two hours per day; sit less than six hours per day; and could not push or pull more than 10 pounds. (AR 1408-18.) The RFC questionnaire was supplemented by a letter, also dated June 1, 2011, wherein Dr. Kim stated that Plaintiff "is advised to refrain from lifting/carrying [greater than] 10 lbs as this may aggravate her neck pain and symptoms of lumbar radiculopathy"; "is advised to refrain from sitting or standing [greater than] 30 minutes as this will aggravate her right leg pain and paresthesias"; and that "[r]epetitive overhead reaching can also aggravate her chronic neck pain and spasms." (AR 876.)   The RFC questionnaire refers to "attached MRI reports" containing objective laboratory findings relating to Plaintiff's physical condition. (AR 1410, 1415.) Those include a February 5, 2011 MRI of Plaintiff's cervical spine (AR 1434) and a November 30, 2010 MRI of Plaintiff's lumbar spine. (AR 1433).

Progress notes of Dr. Kim from November 10, 2010, which preceded the lumbar spine MRI, indicate Plaintiff exhibited symptoms of pain radiating from the right buttock into her leg which were more persistent yet conclude that the exam results were normal. (AR 953-54.) Of relevance, Dr. Kim opined that Plaintiff suffered from recurrent lumbar radiculopathy and prescribed pain killer medication. The November 30, 2010, lumbar spine MRI report, an objective diagnostic test, reveals, *inter alia*, Plaintiff suffered from spondylolisthesis of the L4 on L5 with increased joint degenerative changes, disc bulging at L43-L5 with nerve impingement, and disc bulging at L5-S1 with nerve impingement. The ALJ's failure to adequately evaluate these clinical

and objective findings, along with Dr. Kim's opinion, calls into question whether the ALJ properly applied the applicable rule. Moreover, the ALJ's misapplication of the treating physician rule is further exacerbated by the ALJ according "significant evidentiary weight" to the opinion of a consultative examiner and the failure to properly reconcile such opinion with objective and clinical findings in the record which were provided in support of Plaintiff's claim of disability. Accordingly, the Court adopts the analysis and legal conclusions of the R & R.

While Plaintiff does not challenge or object to MJ Krause's legal analysis and determination, she nevertheless objects to the proposed remedy. MJ Krause recommends remanding the matter back to the agency for further proceedings. Plaintiff asserts that "[b]ecause the record provides compelling evidence of actual disability, and that this matter has already festered at the administrative level for nearly ten years from March 2009 through November 2018," the Court should remand solely for the calculation of benefits. The agency opposes and request that the matter be remanded for all purposes.

The Court is well aware of the lengthy history of this matter and is not unsympathetic to Plaintiff's position, however, given the current posture of the proceeding, along with the legal determinations made to date, the relief sought by Plaintiff is not permissible. In *Wagner v. Sec'y of Health & Hum. Servs.*, 906 F.2d 856 (2d Cir. 1990), the plaintiff proffered medical evidence concerning his disability which was uncontradicted, thus warranting that the matter be remanded to the agency solely for a calculation of benefits. *Id.* at 856–57. Similarly, in *Parker v. Harris*, 626 F.2d 225, 227 (2d Cir. 1980), the appellate court remanded the matter back to the agency "for the computation and payment of benefits" upon a finding that the record before the court demonstrated uncontradicted evidence that plaintiff had suffered from a disability during the relevant time period and that the agency failed to demonstrate that there was other substantial gainful work in the

economy that the plaintiff could do. *Id.* at 227. "When the record contains persuasive proof of disability and remand for further evidentiary proceedings would serve no further purpose," remand for calculation of benefits is appropriate. *See Parker v. Harris*, 626 F.2d 225, 235 (2d. Cir.1980); *Soto v. Barnhart*, 242 F. Supp. 2d 251, 253 (W.D.N.Y. 2003). Unlike *Wagner* and *Parker*, there has yet to be a determination that Plaintiff was actually disabled. Absent such a finding, mere delay, even a lengthy delay, is an insufficient basis for finding in favor of the claimant. *See Bush v. Shalala*, 94 F3d 40, 46 (2d Cir. 1996).

## CONCLUSION

For the reasons stated above, the Court adopts MJ Krause's R & R in its entirety. The Court GRANTS Plaintiff's motion to the extent of remanding the matter back to the agency for further administrative proceedings pursuant to sentence four of Section 405(g) and not solely for the calculation of benefits and DENIES the Commissioner's motion. The Clerk of the Court is respectfully directed to terminate the motion at ECF Nos. 19 and 27 and the case.

Dated: March 7, 2024
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN