UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LISA LIEBERMAN,

                        Plaintiff,          19 Civ. 2870 (NSR) (AEK)

     -against-                   **REPORT AND**
                                                                 **RECOMMENDATION**

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,[1]

                        Defendant.
---------------------------------------------------------------x

**TO: THE HONORABLE NELSON S. ROMÁN, U.S.D.J.**

      Currently before the Court is Plaintiff Lisa Lieberman's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 52. For the reasons set forth below, I respectfully recommend that the motion for attorney's fees be GRANTED.

## BACKGROUND

      Plaintiff filed an application for Social Security disability benefits in March 2009, alleging disability as of December 15, 2006 due to a herniated lumbar disc and associated pain and related fatigue. ECF No. 54 ("Bowes Decl.") ¶¶ 4, 37. The Social Security Administration ("SSA") denied her claim for benefits, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id.* ¶ 5. On July 7, 2010, Plaintiff participated in a hearing before ALJ Katherine Edgell, who issued a decision on August 6, 2010, finding that Plaintiff was not entitled to benefits. *Id.* ¶¶ 5-6. Plaintiff filed an administrative appeal, and on May 12, 2011, the SSA's Appeals Council vacated the ALJ's decision and remanded the matter. *Id.* ¶ 7. On remand,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Frank Bisignano has been substituted as Defendant in this case.

Plaintiff again appeared at a hearing before ALJ Edgell, this time on October 5, 2011. *Id.* ¶ 8. In a decision issued on November 9, 2011, ALJ Edgell again denied Plaintiff's claim for benefits. *Id.* ¶ 9. Plaintiff requested review by the Appeals Council, and on January 26, 2012, the Appeals Council vacated ALJ Edgell's decision for failing to provide an adequate evaluation of the treating physician's opinion. *Id*. ¶¶ 9-10. After submitting a prehearing statement which included information corroborating the treating physician's opinion, Plaintiff appeared, with counsel, for a hearing before ALJ Brian Lemoine on August 29, 2012. *Id*. ¶¶ 11-12. On November 26, 2012, ALJ Lemoine denied Plaintiff's claim and found that Plaintiff retained the residual functional capacity for sedentary work. *Id*. ¶ 13. On February 20, 2013, the Appeals Council again vacated the ALJ's decision and remanded the case to clarify the conflicting vocational expert testimony regarding Plaintiff's past work. *Id*. ¶¶ 13-14. After Plaintiff again testified at a hearing before ALJ Lemoine, Plaintiff's claim was denied on February 18, 2014. *Id*. ¶¶ 15-16. On May 2, 2016, the Appeals Council granted review of the ALJ's February 18, 2014 decision, but determined that the ALJ's failure to address the opinions of Plaintiff's three treating physicians was harmless and proposed to adopt the ALJ's conclusions. *Id*. ¶¶ 16-17. The Appeals Council issued a formal order on June 24, 2016, adopting the proposed findings, *id*. ¶ 18, and then issued an amended decision on August 2, 2016, finding that the opinions of the three treating physicians were not supported by any MRI or EMG testing, *id*. ¶ 19.

Plaintiff thereafter retained Christopher J. Bowes, Esq. ("Mr. Bowes") to represent her in bringing a civil action in this District. *See id.* ¶ 20; *Lieberman v. Colvin*, No. 16-cv-7842 (AJN) (BCM) (S.D.N.Y.) ("*Lieberman I*"). Pursuant to the contingent fee agreement executed by Plaintiff and Mr. Bowes on September 20, 2016, Plaintiff agreed to pay attorney's fees equivalent to 25 percent of any award of past-due benefits payable to Plaintiff and her auxiliary

2

beneficiaries upon securing a favorable determination. Bowes Decl. ¶ 21 & Ex. A. After settlement discussions, in September 2017, the parties stipulated to a remand of Plaintiff's action for further administrative proceedings. *Id.* ¶ 22; *see Lieberman I*, ECF No. 18. Mr. Bowes then moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, based on the expenditure of 31.1 hours of time in litigating the action. Bowes Decl. ¶ 23 & Ex. B. The parties stipulated to resolve Plaintiff's motion for EAJA fees for $5,600. *Id.* ¶ 24; *see Lieberman I*, ECF No. 23.

On remand to the SSA, Plaintiff appeared with Mr. Bowes and testified at a hearing before ALJ Dennis Katz on September 26, 2018. Bowes Decl. ¶ 25. On November 29, 2018, ALJ Katz denied Plaintiff's claim for benefits based on a finding that she retained the residual functional capacity for a range of sedentary work and could return to her past work. *Id.* ¶ 26.

Plaintiff again retained Mr. Bowes to challenge this decision, and on March 27, 2019, entered into another contingent fee agreement whereby Plaintiff agreed to pay attorney's fees equivalent to 25 percent of any award of past-due benefits payable to her and her auxiliary beneficiaries upon securing a favorable determination. *Id.* ¶¶ 27-28 & Ex. C. Plaintiff filed the instant action on March 30, 2019. *Id.* ¶ 27; ECF No. 1. On January 21, 2020, Plaintiff filed her motion for judgment on the pleadings, seeking reversal of the Commissioner's decision solely for the payment of disability benefits; the Commissioner cross-moved to vacate and remand the case for additional administrative proceedings, a motion which Plaintiff opposed. Bowes Decl. ¶ 29; ECF Nos. 19, 27, 31. By a July 8, 2022 Report and Recommendation, the undersigned recommended that the Commissioner's decision be vacated and that the case be remanded for further administrative proceedings. Bowes Decl. ¶ 30; ECF No. 32. On March 7, 2024, Your Honor overruled Plaintiff's objections and adopted the Report and Recommendation; a judgment

3

was subsequently entered remanding the case for further administrative proceedings. *Id.* ¶¶ 32-33; ECF Nos. 43, 44. Mr. Bowes then moved for attorney's fees under the EAJA, based on the expenditure of 54.1 hours of time spent on the 2019 civil action. Bowes Decl. ¶ 34 & Ex. D; ECF Nos. 45, 46. The parties stipulated to resolve Plaintiff's motion for EAJA fees for $11,650. *Id.* ¶ 35; ECF No. 51.

On remand, Plaintiff and Mr. Bowes appeared at a hearing before ALJ Kieran McCormack on January 14, 2025. Bowes Decl. ¶ 36. On February 13, 2025, ALJ McCormack issued a decision finding that Plaintiff was disabled as of December 15, 2006, and that she was entitled to benefits. *Id.* ¶ 37. By Notice of Award ("NOA") dated March 5, 2025, the SSA notified Plaintiff of the amounts of the past-due benefits payable to her. *Id.* ¶ 38 & Ex. E. The NOA advised Plaintiff that her past-due benefits amounted to $492,812, and that the SSA would be withholding 25 percent, or $123,203, for payment of attorney's fees. *Id.* ¶¶ 40-41 & NOA at 1-2, 4. Mr. Bowes received a copy of the NOA on either March 7 or March 14, 2025. *Id.* ¶¶ 39, 49.

Mr. Bowes filed the instant motion for attorney's fees on March 18, 2025. ECF Nos. 52-54. The motion seeks "a court order approving and effectuating the September 20, 2016 and March 27, 2019 contingent fee agreements and approving a contingent attorney fee of $123,203," reflecting 25 percent of Plaintiff's past due benefits. Bowes Decl. ¶ 42.[2] On March 31, 2025, the Commissioner filed a response to Mr. Bowes's motion in his limited role

---

[2] In the motion papers, Mr. Bowes acknowledges that Plaintiff "is entitled to a credit of the $5,600 . . . and the $11,650" in EAJA fees that Mr. Bowes has received already, and requests that the Court direct the Commissioner to disburse a "net" fee of $105,953 (*i.e.*, $123,203 – $17,250 = $105,953). ECF No. 53 at 8; Bowes Decl. ¶ 62; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("An EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.") (cleaned up).

4

"'resembling that of a trustee for the claimant[].'" ECF No. 56 at 1 (quoting *Gisbrecht*, 535 U.S. at 798 n.6). The Commissioner did not take a specific position with respect to the fee request. *Id.* ("Defendant neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b).").

## DISCUSSION

### I.  Legal Standard

"Three statutes authorize attorney's fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019). Pursuant to § 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

### II.  Analysis

#### A.  Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fee applications under 42 U.S.C. § 406(b); the filing period runs from the date on which the NOA is received, and the period also may be subject to equitable tolling. 932

F.3d 83, 85 (2d Cir. 2019). Here, the NOA is dated March 5, 2025, *see* Bowes Decl. Ex. E, and was received by Mr. Bowes on either March 7 or March 14, 2025, *see* Bowes Decl. ¶¶ 39, 49; the motion for attorney's fees was filed on March 18, 2025, 13 days after the NOA was sent.[3] Accordingly, the motion was timely filed.

      **B.**     **Reasonableness of Fee Award**

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* at 852-53 (quotation marks omitted). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingency fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." *Fields*, 24 F.4th at 853 (cleaned up). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the

---

[3] It does not matter whether Mr. Bowes received the NOA on March 7 or March 14, 2025—either way, the motion for attorney's fees was filed within the 14-day filing period.

representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, counsel's requested fee is not greater than 25 percent of Plaintiff's past-due benefits, and further, there is no evidence or suggestion of fraud or overreaching in the negotiation of the two retainer agreements.

The Court turns next to the reasonableness factors. First, the requested fee, comprising 25 percent of Plaintiff's past-due benefit award, *see* NOA at 4, is in accordance with the character of the representation and the results achieved. After bringing both the prior action, *Lieberman I*, and this action to challenge the denials of benefits, Mr. Bowes ultimately achieved a successful outcome for his client after the Court's decision in the instant action resulted in a remand to the agency for further administrative proceedings. ECF Nos. 32, 43, 44. Back before the SSA, Plaintiff was able to have a new hearing before ALJ McCormack, who found that Plaintiff was disabled and entitled to receive benefits. Bowes Decl. ¶ 37; *see, e.g.*, *Shrack v. Saul*, No. 16-cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where "plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand," fee was in line with character of representation and results achieved).

Second, Mr. Bowes did not cause any unreasonable delay in either *Lieberman I* or this action to increase the size of the past-due benefits or attorney's fee. In *Lieberman I*, counsel obtained a stipulated remand prior to any motion practice. Here, although Mr. Bowes sought and obtained two extensions of time to file Plaintiff's motion for judgment on the pleadings, *see* ECF

7

Nos. 14-15, 17-18, he had a valid basis for making his requests, and the requests did not result in an unreasonable delay.

Third, with respect to the so-called "windfall" factor, counsel's requested fee of $123,203 is not inappropriately large in light of the 85.2 combined hours that counsel devoted to *Lieberman I* (31.1 hours) and the instant action (54.1 hours), and the successful result that eventually was achieved. *See* Bowes Decl. Ex. B (time records from *Lieberman I*) & Ex. D (time records from instant action). For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

Mr. Bowes has worked for over 30 years on Social Security disability cases at the administrative and federal court levels, and certainly possesses the requisite ability and expertise in this field. *See* Bowes Decl. ¶¶ 56-57. His work on *Lieberman I* included, among other things, reviewing the administrative decisions, drafting and filing the complaint, and reviewing the administrative record in the context of a remand offer from the Commissioner, *see id.* Ex. B; his work on this action included, among other things, reviewing the ALJ decision, drafting and filing the complaint, and drafting and filing the motion for judgment on the pleadings and the objections to the Report and Recommendation, *see id.* Ex. D. Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (collecting cases). Here, Mr. Bowes's years of experience working on

Social Security disability cases support his ability and expertise to efficiently handle a case. And while the number of hours of work performed falls slightly outside the typical range for two federal court cases, the length and complexity of the underlying administrative proceedings, including multiple remands from the Appeals Council and, eventually, separate remands from both federal actions, reasonably support the combined total of 85.2 hours of work performed by Mr. Bowes. Additionally, this Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of Mr. Bowes's representation. Indeed, Plaintiff was awarded $492,812 in past-due benefits. *See* Bowes Decl. ¶ 40; NOA at 1-2; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee requests). Moreover, "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do"; accordingly, when operating with a contingency agreement like the one at issue here, "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Fields*, 24 F.4th at 855-56 (quotation marks omitted). The award amount sought here appropriately reflects this risk.

Turning to the *de facto* rate—which is not dispositive, *see id.* at 854—counsel would effectively be compensated here at a rate of approximately $1,446.04 per hour ($123,203 for 85.2 hours worked). This rate is comparable to the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields*. *See id.* at 854-57; *see also id*. at 856 n.10 (collecting cases with *de facto* hourly rates ranging from $1,289.06 to $2,100). None of these factors indicate that the award requested by Mr. Bowes would constitute a "windfall."

Finally, the law is clear that while fee awards may be made to Plaintiff's counsel in Social Security cases under the EAJA, with fees payable by the government, and under Section

9

406(b), with fees payable out of the Social Security claimant's past-due benefits, "*the claimant's attorney* must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (cleaned up) (emphasis added); *see Johnson v. Kijakazi*, No. 20-cv-2630 (BCM), 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022) (declining to award Mr. Bowes the requested "net" fee award); *Brickel v. Kijakazi*, No. 20-cv-11033 (KMK) (AEK), 2023 WL 4060098, at *4 (S.D.N.Y. Apr. 12, 2023) (same), *adopted by* 2023 WL 6533495 (S.D.N.Y. Oct. 6, 2023). Counsel's request for payment of the "net" fee award here would improperly shift to the SSA the obligation of refunding the prior EAJA payment to Plaintiff. Accordingly, Mr. Bowes's fee award should be paid out of Plaintiff's past-due benefits from the money withheld by the SSA for that purpose, and Mr. Bowes should then refund the required amount to Plaintiff.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's motion for attorney's fees (ECF No. 52) be GRANTED, and that Mr. Bowes be awarded $123,203, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy. I further respectfully recommend that Mr. Bowes be directed to promptly refund to Plaintiff $17,250, which represents the full amount of EAJA fees that counsel previously received in connection with the remands in both *Lieberman I* and this action, upon receipt of the award recommended by this Report and Recommendation.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have 14 days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and

any responses to such objections, must be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Nelson S. Román, United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the Honorable Andrew E. Krause at the same address.

Any request for an extension of time for filing objections or responses to objections must be directed to Judge Román, and not to the undersigned.

**Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015).

Dated: August 12, 2025
      White Plains, New York

Respectfully submitted,

_____
ANDREW E. KRAUSE
United States Magistrate Judge