UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LISA LIEBERMAN,

                        Plaintiff,                          19 Civ. 2870 (NSR) (AEK)

            -against-                                       **REPORT AND
                                                            RECOMMENDATION**

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,[1]

                        Defendant.

------------------------------------------------------------x

**TO: THE HONORABLE NELSON S. ROMÁN, U.S.D.J.**

Currently before the Court is Plaintiff Lisa Lieberman's supplemental motion for

attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 58.  For the reasons set forth below, I

respectfully recommend that the supplemental motion for attorney's fees be GRANTED.

## BACKGROUND

The factual and procedural history relevant to the instant motion, familiarity with which

is presumed, is set forth in the Court's previous Report and Recommendation ("R&R") on

Plaintiff's original motion for attorney's fees, *see* ECF No. 57, which Your Honor adopted in an

Opinion and Order ("Opinion") issued on September 8, 2025, *see* ECF No. 61.  As this Court

noted in the R&R, Plaintiff had two different retainer agreements with her attorney, Christopher

J. Bowes, Esq. ("Mr. Bowes"), one related to her 2016 federal action, *Lieberman v. Colvin*, No.

16-cv-7842 (AJN) (BCM) (S.D.N.Y.) ("*Lieberman I*"), and one related to this 2019 federal

action.  *See* R&R at 2-3.  Pursuant to each of the contingent fee agreements, Plaintiff agreed to

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Frank
Bisignano has been substituted as Defendant in this case.

pay attorney's fees equivalent to 25 percent of any award of past-due benefits payable to her and her auxiliary beneficiaries upon securing a favorable determination. *See* ECF No. 59 ("Bowes Supp. Decl.") Ex. A. When Plaintiff applied for Social Security disability benefits in March 2009, she was 44 years old and told the Social Security Administration ("SSA") that she had two minor dependent children. *Id*. ¶ 4. As detailed in the R&R, following remand of the instant action to the agency for further administrative proceedings, a favorable decision was issued by the Administrative Law Judge on February 13, 2025, finding that Plaintiff was disabled as of December 15, 2006, and that she was entitled to benefits. *See* R&R at 4. The SSA then sent a Notice of Award ("NOA") dated March 5, 2025, notifying Plaintiff of the amounts of the past-due benefits payable to her. *Id.* The original motion for attorney's fees was filed on March 18, 2025, *see* ECF Nos. 52-54, and the R&R, as adopted by the Opinion, awarded Mr. Bowes attorney's fees of $123,203, to be paid out of Plaintiff's past-due benefits, and ordered that Mr. Bowes refund to Plaintiff $17,250 in Equal Access to Justice Act ("EAJA") fees that he had previously received in connection with the remands in both *Lieberman I* and this action.

On August 16, 2025, the SSA issued additional notices of award to Plaintiff's two daughters, both of whom are now adults, notifying them of the amounts of auxiliary, or child's, benefits payable to them for the periods from March 2008 through the months in which each of them turned 18 years old. Bowes Supp. Decl. ¶ 9 & Exs. B ("NOA-1") & C ("NOA-2"). The notice of award for Plaintiff's younger daughter (referred to herein as "C1") (NOA-1), advised that in connection with her claim for child's benefits for the period from March 2008 through June 2020, she would be paid $93,825.75—this represented 75 percent of the total award to C1, because the SSA withheld 25 percent of her past due benefits for payment of attorney's fees. *See* NOA-1 at 1. In other words, the SSA withheld $31,275.25 for payment of attorney's fees from a

total award of $125,101.  *See* Bowes Supp. Decl. ¶ 10.[2]  The notice of award for Plaintiff's older

daughter (referred to herein as "C2") (NOA-2), advised that in connection with her claim for

child's benefits for the period from March 2008 through November 2014, she would be paid

$33,428.25—this represented 75 percent of the total award to C2, because the SSA withheld 25

percent of her past due benefits for payment of attorney's fees.  *See* NOA-2 at 1-2.  In other

words, the SSA withheld $11,142.75 for payment of attorney's fees from a total award of

$44,571.  *See* Bowes Supp. Decl. ¶ 11.[3]  Mr. Bowes received copies of NOA-1 and NOA-2 on

August 20, 2025.  *Id.* ¶¶ 9, 20.

       Mr. Bowes filed the supplemental motion for attorney's fees on September 2, 2025.  ECF

Nos. 58-60.  The motion seeks "a Supplemental Order approving and effectuating the September

20, 2016 and March 27, 2019 contingent fee agreements and approving an additional attorney fee

of $42,418, reflecting twenty-five percent of the past due benefits being withheld from the

auxiliary beneficiaries C1 and C2 for the purpose of paying attorney fees."  Bowes Supp. Decl. ¶

12.

       On September 18, 2025, the Commissioner filed a response to Mr. Bowes's motion in his

limited role "'resembling that of a trustee for the claimant[].'"  ECF No. 63 at 1 (quoting

*Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).  The Commissioner did not take a specific

---

[2] NOA-1 does not state the dollar amounts for the total child's benefit award or the amount withheld for attorney's fees.  Rather, because NOA-1 states that 25 percent of the total award was withheld for attorney's fees, this Court calculated that the amount payable to C1 is 75 percent of the total award, that the total award equals $125,101 ($125,101 x 75% = $93,825.75), and that the attorney's fees withheld equals $31,275.25 ($125,101 x 25%).

[3] NOA-2 does not state the dollar amounts for the total child's benefit award or the amount withheld for attorney's fees.  Rather, because NOA-2 states that 25 percent of the total award was withheld for attorney's fees, this Court calculated that the amount payable to C2 is 75 percent of the total award, that the total award equals $44,571 ($44,571 x 75% = $33,428.25), and that the attorney's fees withheld equals $11,142.75 ($44,571 x 25%).

position with respect to the fee request. *Id.* ("Defendant neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b).").

## DISCUSSION

### I.    Legal Standard

"Three statutes authorize attorney's fees in social security actions.  42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).  Pursuant to § 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).

### II.    Analysis

#### A.    Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fee applications under 42 U.S.C. § 406(b); the filing period runs from the date on which the notice of award is received, and the period also may be subject to equitable tolling.  932 F.3d 83, 85 (2d Cir. 2019).  Here, NOA-1 and NOA-2 are both dated August 16, 2025, *see* NOA-1 & NOA-2, and were received by Mr. Bowes on August 20, 2025, *see* Bowes

4

Supp. Decl. ¶¶ 9, 20; the supplemental motion for attorney's fees was filed on September 2, 2025, 13 days after NOA-1 and NOA-2 were received.  Accordingly, the motion was timely filed.

      **B.     Reasonableness of Fee Award**

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'"  *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).  "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Id.* at 852-53 (quotation marks omitted).  "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingency fee agreement."  *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement."  *Fields*, 24 F.4th at 853 (cleaned up).  A court must then consider the following factors to determine the reasonableness of a requested award:  (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the

benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, counsel's requested fee is not greater than 25 percent of the auxiliary benefits awarded to C1 and C2, and as previously addressed in the R&R and adopted in the Opinion, there is no evidence or suggestion of fraud or overreaching in the negotiation of the two retainer agreements. *See* R&R at 7; Opinion at 3-4.

The Court previously addressed the reasonableness factors in the R&R, and that analysis was adopted in the Opinion. *See* R&R at 6-9; Opinion at 3-4. The same reasonableness analysis applies here. Again, the requested fee, comprising 25 percent of Plaintiff's daughters' auxiliary benefit awards, is in accordance with the character of the representation and the results achieved. Mr. Bowes did not cause any unreasonable delay in either *Lieberman I* or this action to increase the size of either the past-due or auxiliary benefits or the attorney's fees. And with respect to the so-called "windfall" factor, counsel's requested fee of $42,418 is not inappropriately large— even when combined with the $123,203 in attorney's fees that was awarded in the R&R as adopted by the Opinion—in light of the 85.2 combined hours that counsel devoted to *Lieberman I* and the instant action and the successful result that eventually was achieved. To evaluate the "windfall" factor, courts must look beyond the *de facto* hourly rate to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55. Again, the Court reiterates the findings laid out in the R&R, which were adopted in the Opinion. *See* R&R at 8-9; Opinion at 3-4. Mr. Bowes's years of experience working on Social Security disability cases support the conclusion that he has the ability and

expertise to efficiently handle a case, and the length and complexity of this matter, at both the administrative and federal court levels, reasonably support the number of hours of work performed by Mr. Bowes.  Plaintiff and her daughters have no reason to be dissatisfied with the results of Mr. Bowes's representation—as discussed in the R&R, Plaintiff was awarded $492,812 in past-due benefits, and her daughters each received substantial auxiliary benefit awards of $93,825.75 (to C1) and $33,428.25 (to C2).  *See* Bowes Supp. Decl. ¶¶ 10-11 & NOA-1, NOA-2.  The attorney's fee award sought here appropriately reflects the risk that Plaintiff's claim for disability benefits would be denied, and, therefore, that her daughters' claims for auxiliary benefits would be denied as well.

Finally, with respect to the *de facto* hourly rate, the total award of attorney's fees—combining both the amount already authorized in the Opinion and the proposed payment here—would effectively compensate Mr. Bowes at a rate of approximately $1,943.91 per hour ($123,203 in fees from Plaintiff's past-due benefits award, plus a combined total of $42,418 in fees from the two child's benefits awards, or a total of $165,621 in attorney's fees for 85.2 hours worked).  This rate, while on the high side, is still within the range of *de facto* hourly rates that have been approved in this Circuit.  *See Fields*, 24 F.4th at 856 n.10 (collecting cases with *de facto* hourly rates ranging from $1,289.06 to $2,100); *see also Fortier v. Comm'r of Soc. Sec.*, No. 17-cv-1969 (KMK) (AEK), 2024 WL 4264865, at *5 (S.D.N.Y. Aug. 13, 2024) (recommending approval of Mr. Bowes's *de facto* hourly rate of $2,052.58), *adopted by* 2025 WL 903681 (S.D.N.Y. Mar. 25, 2025).  None of the factors indicate that the award requested by Mr. Bowes in the supplemental motion would constitute a "windfall."

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's supplemental motion for attorney's fees (ECF No. 58) be GRANTED, and that Mr. Bowes be awarded $42,418, to be paid out of Plaintiff's daughters' auxiliary benefits awards ($31,275.25 from the award to C1, and $11,142.75 from the award to C2) in accordance with SSA policy.[4]

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have 14 days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to such objections, must be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Nelson S. Román, United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the Honorable Andrew E. Krause at the same address.

Any request for an extension of time for filing objections or responses to objections must be directed to Judge Román, and not to the undersigned.

---

[4] As noted above, Mr. Bowes was previously ordered to "refund to Plaintiff $17,250.00, [EAJA] fees received by counsel in litigating this action (referenced in the R & R as *Lieberman I* and this action)." Opinion at 4.

**Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015).

Dated: October 14, 2025
      White Plains, New York

                                Respectfully submitted,

                                ANDREW E. KRAUSE
                                United States Magistrate Judge