```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/6/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
LISA LIEBERMAN,                                                      :
:
Plaintiff,                                  :       ORDER ADOPTING
:       REPORT AND
-against-                         :       RECOMMENDATION
:       19 Civ. 2870 (NSR)(AEK)
FRANK BISIGNANO,                                                     :
COMMISSIONER OF SOCIAL SECURITY,              :
:
Defendant.                                                           :
---------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Currently before the Court is Magistrate Judge Andrew E. Krause's ("MJ Krause") Report and Recommendation ("R & R") wherein he recommends granting Plaintiff's counsel's supplemental application for reasonable attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the Court adopts the R & R and GRANTS the application.

      Plaintiff Lisa Lieberman ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied her application for Social Security Disability Benefits ("DiB") under the Social Security Act (the "Act"). (ECF No. 1) After much protracted litigation, Plaintiff prevailed and was found to be disabled as defined by the Act. Plaintiff was deemed disabled as of December 2006. By Notice of Award ("NOA"), dated March 5, 2025, the Social Security Administration ("SSA") notified Plaintiff of the amount of past-due benefits and withheld approximately 25% of the award, $123,203.00, for attorney's fees. Plaintiff retained the services of Christopher J. Bowes, Esq. ("Mr. Bowes") to represent her in the action pursuant to a contingency agreement.

1

By motion dated March 18, 2025 (the "first motion"), Plaintiff's counsel previously sought reasonable legal fees pursuant to 42 U.S.C. 406(a), (ECF No. 52.) MJ Krause issued an R & R, recommending that Mr. Bowes be awarded legal fees in the amount of $123,203.00, to be paid from Plaintiff's past-due benefits, as withheld by the Social Security Administration (the "SSA") (less $17,250.00 which Mr. Bowes previously received in legal fees in litigating the action). In an opinion and order dated September 8, 2025 (ECF No. 61.), this Court adopted MJ Krause's well-reasoned R & R and awarded counsel legal fees.

On August 16, 2025, the SSA issued a notice of award to Plaintiff on behalf of her two minor daughters, notifying her of entitlement to dependent child's benefits from March 2008 through their eighteenth birthdays. The youngest daughter was to receive benefits through June 2020, in the amount of $93,825.75, less $31,275.25 (25 percent of the total amount), which was withheld for attorney's fees. The oldest daughter was entitled to benefits through November 2014, in the amount of $33,428.25, less $11,142.75 (25 percent of the total amount), which was likewise withheld for attorney fees. On September 2, 2025, Mr. Bowes filed the instant supplemental motion seeking an order awarding him additional attorney fees in connection with the SSA's award to Plaintiff's two daughters. (ECF No. 58.) On October 14, 2025, MJ Krause issued an R & R recommending that Plaintiff's supplemental motion be granted. (ECF No. 64.)

**STANDARD OF REVIEW**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if

2

appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed de novo. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will

3

review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (internal citation omitted).

## DISCUSSION

Despite the passage of more than fourteen days, neither Plaintiff nor Defendant have objected to MJ Krause's R & R. Thus, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ Krause's well-reasoned decision, the Court finds the conclusion(s) reached are grounded in fact and law. Thus, the Court finds no clear error.

As outlined in the R & R, MJ Krause considered the relevant statutes and caselaw. Significantly, as cited by MJ Krause, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged the courts with ensuring that the resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (internal citation omitted). Further, to determine the reasonableness of a contingency fee, the court must inquire whether the agreement is not "overreaching" or the result of "fraud." *Id.* at 853. Courts must also consider: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* Applying these principles, *inter alia*, MJ Krause determined that Plaintiff's counsel was entitled to the additional legal fees in the amount of $42,418.00.

4

**CONCLUSION**

For the reasons stated above, the Court adopts MJ Krause's R & R in its entirety. Plaintiff's counsel's motion seeking additional reasonable attorney's fees is GRANTED. As outlined in MJ Krause's R & R, Mr. Bowes is awarded legal fees in the amount of $42,418.00, to be paid from the child's benefits awarded to Plaintiff on behalf of her two daughters, as withheld by the SSA. The amounts to be paid are $31,275.25 from the youngest daughter's award and $11,142.75 from the oldest daughter's award. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 58.

Dated: November 6, 2025                                        SO ORDERED.
       White Plains, New York

                                                                                Nelson S. Roman
                                                         U.S. District Court Judge, S.D.N.Y.